NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0484n.06
Filed: July 6, 2007

No. 06-1472

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| NIAKEIA SIBBY, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellant,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| OWNIT MORTGAGE SOLUTIONS, INC., (formerly | ) | **O P I N I O N** |
| known as OAKMONT MORTGAGE COMPANY, | ) | |
| INC.); and COUNTRYWIDE HOME LOANS, INC., | ) | |
| | ) | |
| **Defendants-Appellees.** | ) | |

BEFORE: NORRIS, GILMAN, and SUTTON, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Plaintiff Niakeia Sibby appeals from a grant of

summary judgment to defendants Ownit Mortgage Solutions, Inc. ("Ownit"), formerly known as

Oakmont Mortgage Company, Inc., and Countrywide Home Loans, Inc.[1] Plaintiff refinanced her

home with Ownit in 2001. In 2004, she sought to rescind the transaction, alleging that Ownit

violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and its implementing

Regulation Z, 12 C.F.R. § 226.23, by failing to provide her with the required notice of her right to

---

[1] On December 29, 2006, Ownit filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code and all proceedings against it are currently stayed. *See* 11 U.S.C. § 362(a). Consequently, our judgment applies exclusively to defendant Countrywide.

rescind. The complaint also included a count brought pursuant to the Michigan Consumer Protection

Act, Mich. Comp. Laws § 445.901 et seq., which was dismissed by agreement below.

**I.**

The property in question is located at 14200 Forrer, Detroit, Michigan. On December 26,

2001, plaintiff refinanced her home by closing on a loan of $70,200. At her deposition, plaintiff

acknowledged that she had received and signed a Notice of Right to Cancel, but said that she

received only one copy. That signed notice includes the following language above plaintiff's

signature:

> "I/WE ACKNOWLEDGE RECEIPT OF TWO COPIES OF <u>NOTICE OF RIGHT
> TO CANCEL</u> AND ONE COPY OF THE FEDERAL TRUTH-IN-LENDING
> DISCLOSURE STATEMENT, ALL GIVEN BY LENDER IN COMPLIANCE
> WITH TRUTH-IN-LENDING SIMPLIFICATION AND REFORM ACT OF 1980
> (PUBLIC LAW 96-211).

Under the terms of the notice, plaintiff had until midnight on December 29, 2001, to exercise her

right of recision. At her deposition, however, plaintiff stated she had in fact received only one copy

of the notice to cancel. When asked why she signed a receipt stating that she received two copies of

the notice to cancel if she had received only one, plaintiff replied that she was essentially told to

"sign here" and that she did not read the pages before signing. Plaintiff went on to testify that she

did not look at the paperwork that she received at her closing until November of 2004. When she

did look, the notices of her right to cancel were not among the papers.

Despite an anti-conveyance provision contained in the mortgage, plaintiff executed a

quitclaim deed on January 14, 2003, which conveyed her entire interest in the property to herself and

an unrelated individual, Jennifer Ridley, as joint tenants in common with full rights of survivorship.

According to plaintiff's deposition testimony, she did this because Ms. Ridley lived with her and had put some $1,500 into the home for remodeling. Less than two months later, on March 1, 2003, the property was forfeited to the Wayne County treasurer for non-payment of property taxes. On April 7, 2004, Ridley and plaintiff executed another quitclaim deed that returned ownership of the property to plaintiff alone.

Plaintiff mailed Oakmont Mortgage Company a notice of intent to cancel the loan on December 21, 2004. One week later, plaintiff filed suit.

## II.

TILA, which is to be liberally construed in the consumer's favor, *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 621 (6th Cir. 2002), was enacted to "assure a meaningful disclosure of credit terms . . . [to] avoid the uninformed use of credit." 15 U.S.C. § 1601(a). The statute delegates the authority to promulgate regulations to the Federal Reserve Board. 15 U.S.C. § 1604(a). Those regulations, like TILA itself, are entitled to deference. *See Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 560 (1980) ("[I]t is appropriate to defer to the Federal Reserve Board and staff in determining what resolution of [an] issue is implied by the truth-in-lending enactments.").

At issue in this appeal is the requirement imposed by both TILA and Regulation Z that an obligor has defined rights of recission:

> [I]n the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a

>statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a). In the event that the consumer has not been duly notified of her right to rescind, Regulation Z extends the right to rescind to three years unless the property has been sold or all of the consumer's interest in the property has been transferred. 12 C.F.R. § 226.3(a)(3). The regulations require that "a creditor shall deliver two copies of the notice of the right to rescind to each consumer . . . ." 12 C.F.R. § 226.3(b)(1). In this appeal, plaintiff alleges that she did not receive the requisite two copies of the notice informing plaintiff of her rescission rights and thus she had three years rather than three days to inform the holder of the mortgage of her intention to cancel the loan.

We review a district court's grant of summary judgment *de novo*, employing the same standard as the district court. *Farhat v. Jopke*, 370 F.3d 580, 587 (6th Cir. 2004). Summary judgment is appropriate where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). For the following reasons, we conclude that plaintiff failed to establish an issue of material fact concerning her receipt of the required notices of her right to rescind her loan. As a result, her right to rescind expired three days after her closing and her attempt to rescind the transaction nearly three years later was untimely.

On September 30, 2005, defendants served plaintiff with discovery requests, including the following requests for admission: 1) "Do you admit that you signed on December 26, 2001 a Notice of Right to Cancel, in which you acknowledged receipt of two copies of a Notice of Right to Cancel?"; 2) "Do you admit that on or about December 26, 2001 you received two copies of the Notice of Right to Cancel with respect to the property located at 14200 Forrer, Detroit, MI 48227?" When plaintiff failed to respond, defendants filed a motion to compel that asked the district court to deem these requests to be admitted pursuant to Rule of Federal Procedure 36(a).

The district court extended the discovery deadline to November 29, 2005 from November 2 without explicitly reaching the requests for admission issue. Plaintiff did not respond to the discovery request by the new deadline and defendants moved for summary judgment on December 12. Plaintiff filed a motion to withdraw and/or amend admissions on January 5, 2006. Her theory, reiterated to this court, is that she submitted to a deposition on November 23, 2005, at which time the issues covered in the request for admissions were discussed. Consequently, she was no longer obliged to respond to them.

The district court based its decision granting summary judgment in part upon those admissions:

> Defendants have presented evidence that Plaintiff signed the Notice of Right to Cancel which stated above the signature line that Plaintiff "acknowledge[s] receipt of two copies of Notice of Right to Cancel," thereby making her right to rescission expire on December 29, 2001. Defendants also presented Ali Ghias's affidavit [the agent of the title company who was present at the closing]. Mr. Ghias states that "[a]t the closing, I made copies of all of the closing documents, including two copies of the Notice of Right to Cancel provided to Ms. Sibby." Defendants also point to Plaintiff's deemed admissions (due to her failure to respond to Defendants' Requests

> for Admissions), in which she, by default, was held as admitting that she did receive two copies of the Notice. . . .
>
> Contrary to plaintiff's deemed admission that she received two copies of the Notice of the Right to Cancel, Plaintiff testified in her deposition that she did not receive two copies. If this testimony were permitted to contradict binding admissions, a reasonable jury could conclude that she did not receive the two copies and should be entitled to three years to rescind the agreement. The court doubts that a binding admission can be so easily contradicted and undone. Admissions would lose their force and be drained of their purpose if Plaintiff's testimony were allowed on this point. In addition, the court recently considered and denied a motion filed by Plaintiff seeking to permit late responses to the requests to admit . . . .

Order, Case No. 04-CV-75025-DT, Feb. 28, 2006 at 6-7 (footnotes and citations omitted). As this passage makes clear, while the district court did consider the disputed requests to be admitted, it did not base its grant of summary judgment solely on that factor. Furthermore, prior to granting summary judgment, the district court denied plaintiff's motion to withdraw her admissions on the theory that permitting her to do so would prejudice defendants. Order, 04-CV-75025-DT, Feb. 23, 2006 at 5-6.

While it is true that the district court "may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits," Fed.R.Civ.P. 36(b), we review that decision for an abuse of discretion. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) (a district court has considerable discretion over whether to permit withdrawal or amendment of admissions).

We detect no such abuse of discretion by the district court. On the contrary, plaintiff's counsel had ample opportunity to respond to the requests for admission and failed to do so despite being provided with additional time. In any event, the admissions are not the sole evidence that plaintiff received the requisite explanation of her right to rescind. She signed an acknowledgment that she received two copies of those rights at the closing. TILA provides that "written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given pursuant to this section . . . create[s] a rebuttable presumption of delivery thereof." 15 U.S.C. § 1635(c). Plaintiff's deposition testimony that she only received one copy is insufficient to rebut this presumption. *See Williams v. First Gov't Mortgage and Investors Corp.*, 225 F.3d 738, 751 (D.C. Cir. 2000) (testimony by plaintiff of non-delivery insufficient to rebut presumption).

In short, plaintiff failed to create an issue of material fact with respect to this issue and the district court therefore properly concluded that her right to rescind expired three days after she closed on the mortgage.[2]

## III.

The judgment below is **affirmed**.

---

[2] The district court also granted summary judgment on the alternative theory that she had forfeited her right to rescind when she transferred her entire interest in the property by executing the quitclaim deed alluded to earlier. Because we find that judgment was properly granted based upon notice, we need not reach this issue.